JACOB M. HOWARD AND NOAH SUTTON *v*. THOMAS PALMER.

Walker.
1 w 391
97　609
1 w　391
145　²429

The examination of a defendant to a judgment creditor's bill, under an order entered in pursuance of the 111th rule, is not confined to defendant's property or effects, but extends to any matter which he would be required to disclose by answer; and authorizes the examination of witnesses on any matter charged in the bill, and not admitted by defendant on his examination before the master.

Where a special motion was made for an order for a receiver under a judgment creditor's bill, and defendant had notice, but failed to appear or oppose the motion, *it was held*, that the fact of a demurrer having been filed was no objection to granting the order in such case, and that the defendant, if he meant to insist upon it, should have interposed his objection on the hearing of the motion, that the Court might look into the case and decide whether it was well taken.

The service of a copy of a Master's summons, without showing the original, is bad.

Irregularity in the appointment of a receiver under a judgment creditor's bill is no ground for defendant's objecting to submit to an examination concerning his property and effects.

An order in part erroneous is not void, so far as relates to matters properly contained in it.

JUDGMENT creditor's bill.

A motion was made for an attachment against defendant, for not appearing before a Master to make an assignment of his property to receiver, and submit to an examination on oath relative to it. The motion was opposed, on the ground that the appointment of the receiver by the Master was irregular, as was also the order for his appointment, and for defendant to assign and deliver over his property to him; as there was a demurrer pending, when the order was granted. And further, that the order required defendant to submit to such examination as the Master should direct, in relation to any matter the defendant would be required to disclose by answer to the bill

of complaint, the bill not having been taken as confessed under the 111th rule of Court.

*J. S. Abbott and J. M. Howard*, in support of the motion.

*H. H. Emmons*, contra.

THE CHANCELLOR. The order under the 111th rule, for the appointment of a receiver, on a judgment creditor's bill, differs materially from the common order entered in this class of cases, where the bill has not been taken as confessed under that rule. The examination before a Master, under an order entered in pursuance of the rule, is intended to answer the double purpose, of ascertaining what property the defendant has to assign and deliver over to the receiver, and of an answer to the bill of complaint. Hence, the examination is not limited to defendant's property or effects, as is the case under the common order; but extends to any matter defendant would be required to disclose by answer to the bill, and authorizes the examination of witnesses, on any matter charged in the bill, and not admitted by defendant, on his examination before the Master. *Browning* v. *Bettis,* 8 *Paige R.* 568.

The order for a receiver was granted on a special motion, of which notice was given to defendant's solicitor, who did not appear to oppose it. The demurrer was no objection to granting the order; and if defendant intended to insist on it as a reason why a receiver should not then be appointed, he should have appeared, and opposed the motion on that ground; and the Court would have looked into the pleadings to see whether the demurrer was well taken, or not, and, if it had any doubt on the question, would have ordered the motion to stand over until the demurrer was disposed of.

Complainants, however, erred in entering their order. Instead of the common order, they entered the special order authorized by the 111th rule, where a defendant to get rid of filing an answer, gives a written consent that the bill may be taken as confessed, and a receiver appointed. The error appears on the face of the order, which shows it was granted on special motion, and notice to defendant, and not by consent of parties.

A motion made in this same case, on the first day of term, for an attachment against defendant, was denied, on the ground that the Master's summons was not shown to defendant, when he was served with a copy of it, and that he was not, therefore, bound to obey it.   The Master, notwithstanding defendant paid no attention to his summons, and did not so much as appear before him, went on, and appointed a receiver.   This was irregular, as the Master's summons had not been properly served; and the appointment of the receiver would, on that account, be set aside on defendant's motion.   But this irregularity in the appointment of a receiver, is no answer to the present motion.   Defendant should have made a motion to have the appointment set aside, and obtained an order staying proceedings, in the mean time, before the Master. He should, also, have taken this course, if he wished to have the objectionable parts of the order for a receiver stricken out.   The order is not void.   3 *Paige R.* 195, 253; 5 *Paige R.* 166.   It is erroneous, only so far as it requires defendant to answer under oath any matter he was bound to disclose by answer to the bill.   If defendant wished to avoid the trouble and expense of a motion to correct the order, he should have appeared before the Master, and objected to that part of it which is improper, and refused to be examined under it, except as to the pro-

perty and effects he was required to assign and deliver over to the receiver.

Under the circumstances, I shall grant the motion for an attachment, unless defendant, within two days, waives all irregularity in the appointment of the receiver, in which case the motion is to be denied, with leave to complainants to amend their order for the appointment of a receiver.